# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| MARSHA NIVEN | § | |
| | § | |
| v. | § | Case No. 4:14-CV-00494 |
| | § | Judge Mazzant |
| E-CARE EMERGENCY MCKINNEY, LP, | § | |
| E-CARE EMERGENCY FRISCO, LLC, | § | |
| and ROBERT RANKINS, INDIVIDUALLY | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendants' Motion to Dismiss for Failure to Join Party Under Rule 19 (Dkt. #19). Having considered the relevant pleadings, the Court finds that the motion should be denied.

## BACKGROUND

Plaintiff alleges that Defendants violated the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. (the "FLSA"). Plaintiff was employed by Defendants between 2008 and August 2014. (Dkt. #14 at ¶ 20). Defendants assert that Plaintiff provided services under an agreement between Plaintiff and Defendants from April 2008 until February 2013. (Dkt. #19 at ¶ 3). Effective February 1, 2013, Defendants entered into an agreement with R2 Elite Medical Management Solutions, LLC ("R2 Elite") (Dkt. #19 at ¶ 4). Following the execution of the agreement, R2 Elite assumed sole responsibility for screening, placing, managing, compensating, and disciplining all physician assistants providing services at the Defendants' facilities. (Dkt. #19 at ¶ 4-6).

On December 1, 2014, Defendants filed their motion to dismiss for failure to join a party under Rule 19 (Dkt. #19). On December 16, 2014, Plaintiff filed her response (Dkt. #23). On December 24, 2014, Defendants filed their reply (Dkt. #28).

1

**LEGAL STANDARD**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(7) alleges that a plaintiff has failed to join a party under Rule 19. FED. R. CIV. P. 12(b)(7). In deciding a motion to dismiss pursuant to Rule 12(b)(7), the Court makes two inquiries under Rule 19. *HS Res., Inc. v. Wingate*, 327 F.3d 432, 439 (5th Cir. 2003). The Court must first determine under Rule 19(a)[1] whether a person should be joined to the lawsuit. *Id.* "If joinder is warranted, then the person will be brought into the lawsuit. But if such joinder would destroy the court's jurisdiction, then the court must determine under Rule 19(b) whether to press forward without the person or to dismiss the litigation." *HS Res.,* 327 F.3d at 439; *see August v. Boyd Gaming Corp.,* 135 F. App'x 731, 732 (5th Cir. 2005). In this case, the burden is on the Defendant, as the movant, to show that R2 Elite is a necessary and required party. *See Payan v. Cont'l Tire N. Am., Inc.,* 232 F.R.D. 587, 589 (S.D. Tex. 2005).

**ANALYSIS**

Defendants assert that R2 Elite is a required party under Rule 19 because the Court cannot grant Plaintiff complete relief because "Plaintiff seeks to recover unpaid wages and overtime from Defendants for the period of time she worked for R2 Elite." (Dkt #19 at ¶ 8). However, complete relief can be awarded in R2 Elite's absence because Plaintiff seeks to recover unpaid wages and overtime from Defendants not only for the period of time she allegedly worked for R2 Elite, but also for a period of time that she worked for Defendants.[2]

---

[1] Rule 19(a) provides: "A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if: (A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." FED. R. CIV. P. 19(a).

[2] "In ruling on a motion to dismiss for failure to join a necessary and indispensable party, a court must accept the complaint allegations as true." *United States v. Rutherford Oil Corp.*, CIV.A. G-08-0231, 2009 WL 1351794, at *2 (S.D. Tex. May 13, 2009) (citing *Davis Cos. v. Emerald Casino, Inc.*, 268 F.3d 477, 479 n. 2 (7th Cir. 2001)).

"The definition of 'complete relief' under Rule 19(a)(1) refers to relief as between the persons already parties, not as between a party and the absent person whose joinder is sought." *Ortiz v. A.N.P., Inc.*, 10-CV-917, 2010 WL 3702595, at *4 (S.D. Tex. Sept. 15, 2010). It "does not concern 'any subsequent relief via contribution or indemnification for which the absent party might later be responsible.'" *Id*. (quoting *Bedel v. Thompson*, 103 F.R.D. 78, 80 (S.D. Ohio 1984)).

Plaintiff's First Amended Complaint provides a sufficient pleading of Plaintiff's claims (Dkt. #14). As such, the question of whether any Defendant was Plaintiff's employer under the FLSA is a question to be determined in this case. Further, complete relief can be accorded without joining R2 Elite because joint and several liability exists amongst employers under the FLSA. *See Moreno v. EDCare Mgmt., Inc.*, 243 F.R.D. 258 (W.D. Tex. 2007).

Defendants further assert that R2 Elite is a required party because Defendants would be subjected to a "substantial risk of incurring double, multiple, or otherwise inconsistent obligations," and R2 Elite's ability to protect its legal interest in the subject matter of the present suit would be impaired. (*See* FED. R. CIV. P. 19(a); Dkt. #19 at ¶ 9). Defendants assert that R2 Elite is solely responsible for Plaintiff's claim based upon the February 1, 2013 contract between Defendants and R2 Elite (Dkt. #19 at ¶¶ 4, 6, 9). Defendants assert that beginning February 1, 2013, Plaintiff was placed by R2 Elite, and that Defendants were not "involved in setting Plaintiff's hours, determining the rate or amount at which Plaintiff was compensated, including decisions regarding bonuses and raises, supervising Plaintiff's work, or making payment to Plaintiff for any services she provided on behalf of R2 Elite." (Dkt. #19 at ¶ 6).

Joinder of an absent party is required under Rule 19 "if its absence subjects an existing party to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations."

*Broadcast Music, Inc. v. Armstrong*, No. EP-13-CV-0032-KC, 2013 WL 3874028, at *7 (W.D. Tex. July 24, 2013) (citing FED. R. CIV. P. 19(a)(1)(B)(ii)). Inconsistent obligations occur when an existing party cannot comply with one court's order without breaching the order of another court that pertains to the same incident. *Immobiliaria Axias, S.A. de C.V. v. Robles Intern. Serv., Inc.*, No. EP-07-CA-00269-KC, 2007 WL 2973483, at 6 (W.D. Tex. Oct. 11, 2007) (citing *Delgado v. Plaza Las Americas Inc.*, 139 F.3d 1, 3 (1st Cir. 1998); *see James v. Valvoline, Inc.*, 159 F. Supp. 2d 544, 551 (S.D. Tex. 2001) ("This portion of Rule 19 is simply not concerned with non-parties.").

Defendants have not demonstrated that the absence of R2 Elite would subject them to a substantial risk of incurring inconsistent obligations under Rule 19. Plaintiff is seeking to recover unpaid wages not only for the period of time that she was allegedly employed by R2 Elite, but also that time that she was employed by Defendants (Dkt. #14 at ¶ 20; Dkt. #19 at ¶¶ 3-6). The Court finds it unlikely that Defendants will incur inconsistent obligations due to R2 Elite's absence.

Additionally, the Court finds it unlikely that a finding of joint and several liability would impair R2 Elite's ability to protect its interest in a subsequent suit (Dkt. #19 at ¶ 9). It is well-settled that joint tortfeasors are not considered required or indispensable parties under Rule 19. *See Nottingham v. Gen. Am. Commc'n. Corp.*, 811 F.2d 873, 880 (5th Cir. 1987). Plaintiffs are not required to name all possible joint tortfeasors in a single action. *See Temple v. Synthes Corp.*, 498 U.S. 5, 7 (1990). A joint tortfeasor is merely a permissive party. *Id*. (citation omitted). As a possible joint tortfeasor, R2 Elite is not a required party. Although Defendants may be able to seek indemnity or contribution from R2 Elite if the Plaintiff prevails, R2 Elite is not a required

party under Rule 19.  Defendants have failed to carry their burden under Rule 19 and the motion should be denied.

## CONCLUSION

It is therefore **ORDERED** that Defendants' Motion to Dismiss (Dkt. #19) is hereby **DENIED**.

SIGNED this 10th day of April, 2015.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE