# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| MARSHA NIVEN | § § § | |
| v. | § § | CIVIL ACTION No. 4:14-cv-494 |
| | § | Judge Mazzant |
| E-CARE EMERGENCY MCKINNEY, LP | § | |
| E-CARE EMERGENCY FRISCO, LLC, | § | |
| and ROBERT RANKINS, INDIVIDUALLY | § § | |

## VERDICT OF THE JURY

We, the Jury, find as follows:

### QUESTION ONE

Has Plaintiff Marsha Niven proved by a preponderance of the evidence that she was an employee of Defendant E-Care Emergency McKinney, LP during the relevant period?

Answer ("Yes" or "No"): __NO__

*If your answer is "Yes," please proceed to Question Two.*

*If your answer is "No," please proceed to Question Five.*

### QUESTION TWO

Has Plaintiff Marsha Niven proved by a preponderance of the evidence that Defendant E-Care Emergency McKinney, LP failed to pay her the overtime pay required by law (please answer this question without considering whether or not an exemption applies)?

Answer ("Yes" or "No"): _____

*If your answer is "Yes," please proceed to Question Three.*

*If your answer is "No," please proceed to Question Five.*

1

## QUESTION THREE

Has Plaintiff Marsha Niven proved by a preponderance of the evidence that Defendant E-Care Emergency McKinney, LP knew that its conduct was prohibited by the FLSA or showed reckless disregard for whether the FLSA prohibited its conduct?

Answer ("Yes" or "No"): _____

*Please proceed to Question Four.*

*If your answer is "Yes," you should award damages for the part of the three-year period during which Plaintiff Marsha Niven was employed by Defendant E-Care Emergency McKinney, LP from July 31, 2011 to July 31, 2014. If your answer is "No," you should award damages for the part of the two year period during which Marsha Niven was employed by Defendant E-Care Emergency McKinney, LP from July 31, 2012 to July 31, 2014.*

## QUESTION FOUR

What sum of money has Plaintiff Marsha Niven proved by a preponderance of evidence would fairly and reasonably compensate her for the damages, if any, you have found Defendant E-Care Emergency McKinney, LP caused Plaintiff Marsha Niven?

Answer (Dollars and Cents): $_____

*Please proceed to Question Five.*

## QUESTION FIVE

Has Plaintiff Marsha Niven proved by a preponderance of the evidence that she was an employee of Defendant E-Care Emergency Frisco, LLC during the relevant period?

Answer ("Yes" or "No"): ___NO___

*If your answer is "Yes," please proceed to Question Six.*

*If your answer is "No," please proceed to Question Nine.*


## QUESTION SIX

Has Plaintiff Marsha Niven proved by a preponderance of the evidence that Defendant E-Care Emergency Frisco, LLC failed to pay her the overtime pay required by law (please answer this question without considering whether or not an exemption applies)?

Answer ("Yes" or "No"): _____

*If your answer is "Yes," please proceed to Question Seven.*

*If your answer is "No," please proceed to Question Nine.*

## QUESTION SEVEN

Has Plaintiff Marsha Niven proved by a preponderance of the evidence that Defendant E-Care Emergency Frisco, LLC knew that its conduct was prohibited by the FLSA or showed reckless disregard for whether the FLSA prohibited its conduct?

Answer ("Yes" or "No"): _____

*Please proceed to Question Eight.*

*If your answer is "Yes," you should award damages for the part of the three-year period during which Plaintiff Marsha Niven was employed by Defendant E-Care Emergency Frisco, LLC from July 31, 2011 to July 31, 2014. If your answer is "No," you should award damages for the part of the two year period during which Marsha Niven was employed by Defendant E-Care Emergency Frisco, LLC from July 31, 2012 to July 31, 2014.*

## QUESTION EIGHT

What sum of money has Plaintiff Marsha Niven proved by a preponderance of evidence would fairly and reasonably compensate her for the damages, if any, you have found Defendant E-Care Emergency Frisco, LLC caused Plaintiff Marsha Niven?

Answer (Dollars and Cents): $_____

*Please proceed to Question Nine.*

## QUESTION NINE

Has Plaintiff Marsha Niven proved by a preponderance of the evidence that she was an employee of Defendant Robert Rankins during the relevant period?

Answer ("Yes" or "No"): _____NO_____

*If your answer is "Yes," please proceed to Question Ten.*

*If your answer is "No," please proceed to Question Thirteen.*


## QUESTION TEN

Has Plaintiff Marsha Niven proved by a preponderance of the evidence that Defendant Robert Rankins failed to pay her the overtime pay required by law (please answer this question without considering whether or not an exemption applies)?

Answer ("Yes" or "No"): _____

*If your answer is "Yes," please proceed to Question Eleven.*

*If your answer is "No," please proceed to Question Thirteen.*

## QUESTION ELEVEN

Has Plaintiff Marsha Niven proved by a preponderance of the evidence that Defendant Robert Rankins knew that its conduct was prohibited by the FLSA or showed reckless disregard for whether the FLSA prohibited its conduct?

Answer ("Yes" or "No"): _____

*Please proceed to Question Twelve.*

*If your answer is "Yes," you should award damages for the part of the three-year period during which Plaintiff Marsha Niven was employed by Defendant Robert Rankins from July 31, 2011 to July 31, 2014. If your answer is "No," you should award damages for the part of the two year period during which Marsha Niven was employed by Defendant Robert Rankins from July 31, 2012 to July 31, 2014.*

## QUESTION TWELVE

What sum of money has Plaintiff Marsha Niven proved by a preponderance of evidence would fairly and reasonably compensate her for the damages, if any, you have found Defendant Robert Rankins caused Plaintiff Marsha Niven?

Answer (Dollars and Cents): $_____

*If you answered "Yes" to Question One, Question Five, and/or Question Nine, please proceed to Question Thirteen.*

*If you answered "No" to Question One, Question Five, and Question Nine, please proceed to Question Fourteen.*

## QUESTION THIRTEEN

Has Plaintiff Marsha Niven proved by a preponderance of the evidence that any of the Defendants named below were her joint employers?

Answer for each of the following ("Yes" or "No"):

E-Care Emergency McKinney, LP: _____NO_____

E-Care Emergency Frisco, LLC: _____NO_____

Robert Rankins: _____NO_____

*Please proceed to Question Fourteen.*

## QUESTION FOURTEEN

Has the defendant in question proved by a preponderance of the evidence each of the essential elements of the administrative exemption?

Answer for each of the following ("Yes" or "No"):

E-Care Emergency McKinney, LP: _____NO_____

E-Care Emergency Frisco, LLC: _____NO_____

Robert Rankins: _____NO_____

*Please proceed to Question Fifteen.*

## QUESTION FIFTEEN

Has the defendant in question proved by a preponderance of the evidence each of the essential elements of the professional exemption?

Answer for each of the following ("Yes" or "No"):

E-Care Emergency McKinney, LP: __NO__

E-Care Emergency Frisco, LLC: __NO__

Robert Rankins: __NO__

*Please proceed to Question Sixteen.*


## QUESTION SIXTEEN

Has the defendant in question proved by a preponderance of the evidence each of the essential elements of the highly compensated employee exemption?

Answer for each of the following ("Yes" or "No"):

E-Care Emergency McKinney, LP: __NO__

E-Care Emergency Frisco, LLC: __NO__

Robert Rankins: __NO__

Date: 4/8/16　　　　　　　　　　　　　　　Forepe

8